See note to Stevens v. Williams [Case No. 13,413].

## Case No. 13,399.

### STEVENS v. GLADDING et al.

[2 Curt. 608.] [1]

Circuit Court, D. Rhode Island. June Term, 1856.

#### ACCOUNT—COPYRIGHT—COMMISSIONS.

Commissions received from the sales of a pirated map, are profits which must be accounted for by the commission merchant, on a bill by the proprietor of the copyright.

[This was a suit by James Stevens against Royal Gladding and Isaac T. Proud to restrain the infringement of a copyright. There was a decree dismissing the bill, case unreported. See note to Case No. 13,400.]

This case was remanded by the supreme court of the United States to this court, with directions to award a perpetual injunction, as prayed for in the bill, and to take an account of the profits received by the defendants from the sales of the map, the copyright whereof was found to belong to the complainant, and for such further proceedings in conformity to the opinion of that court as to law and justice shall appertain. See 17 How. [58 U. S.] 455. In obedience to this mandate, the cause was referred to a master to take an account of profits. His report shows, that the defendants, who were booksellers, received copies of the map from the publisher thereof for sale on commission; and he reports the amount of the commissions received by the defendants from such sales, and refers to the court the question whether the commissions, so received, are profits within the meaning of the order of reference.

Mr. Stevens, pro se.
Mr. Ames, contra.

CURTIS, Circuit Justice. I am not aware that this question has ever been made in a copyright or patent cause. That commissions may be considered profits for some purposes is settled. In Waugh v. Carver, 2 H. Bl. 235, and Cheap v. Cramond, 4 Barn. & Ald. 663, it was held that a participation in commissions was such a participation in profits, as to constitute the participants partners. So, no doubt, if one partner should, by a clandestine agreement with a third person secure to himself a commission for business in which his firm was interested, he would be held to account for it as so much profits. Carter v. Horne, 1 Eq. Cas. Abr. 7 ("Account" A) pl. 13. As between partners, all gains which equitably belong to the firm, but which are clandestinely received by one partner, are accounted the profits of the firm, and he is compellable to account therefor. Story, Partn. § 174. It is quite immaterial in such a case, whether the gain has arisen from the difference between the cost of an article, and the price at which it

is sold, or from personal services of the partner. The principle is, that he has received some gain or profit, to which the firm is equitably entitled; and a court of equity forces on him the character of a trustee, and compels him to account for it.

The jurisdiction in cases of copyright rests upon a similar principle. If the proprietor will waive his action for damages, he may have an account of profits; upon the ground that the defendant has, by dealing with his property, made gains which equitably belong to the complainant. And I perceive no sound reason for restricting those gains to the difference between the cost and the sale price of the map or book, or limiting the right to an account to those persons who have sold the work solely on their own account. He who sells on commission, does in truth sell on his own account, so far as he is entitled to a percentage on the amount of the sales. What he so receives is the gross profit coming to him from the proceeds of the sales. And what he so receives, diminishes the net profit of the one who employs him to sell. When the latter is called on to account, he has an allowance for the commissions he has paid; because those sums, though part of the gross profits of the sales, he has not received. That part of the profits of the sales being in the hands of the commission merchant, the consignor is not accountable for them. But why should not the commission merchant, who has them, account for them? He was liable to an action for damages for selling. That right is waived. I think he should pay over to the proprietor, in lieu of the damages, the gain he has made from the sales. It does not seem to me, that the term "profits" necessarily, or, when construed in reference to the subject-matter, properly, has so restricted a meaning as to exclude commissions received from the proceeds of sales of the property of the complainant.

Let a final decree be entered for the amount of the commissions reported by the master, and for a perpetual injunction and costs.